## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Abbas Mohammadi, et al, | |
| Plaintiffs, | Civil No. 3:24-cv-01473-KAD |
| v. | |
| William Tong, et al, | |
| Defendants. | April 7, 2025 |

## RULING RE: PLAINTIFFS' MOTION TO QUASH AND FOR A PROTECTIVE ORDER

Plaintiffs Abbas Mohammadi, D.D.S., Columbia Dental, P.C., ("Columbia") and Oral Maxillofacial Imaging, LLC move the Court to **(1)** quash a subpoena *duces tecum* issued by the Attorney General of Connecticut, a defendant in the pending case (the "AG"), against Columbia in connection with an ongoing investigation, and **(2)** preclude Defendants from subpoenaing them for any information "relating to radiology certification" except in connection with the pending case. ECF No. 29. For the reasons that follow, the Motion is **DENIED** without prejudice.

### I.    Background

Columbia is a multi-office dental services provider based in Manchester, Connecticut, whose services include radiological imaging. ECF No. 1, ¶¶ 2, 3, 32. On September 13, 2024, Columbia and its co-plaintiffs brought the pending case to enjoin the AG and his co-defendants, all state government officials, from enforcing Connecticut's dental licensing statute, Conn. Gen. Stat. § 20-112a (the "Statute"). *Id*. at 104. The Statute prohibits dentists from, *inter alia*, delegating radiological tasks to dental assistants who have not completed "the dental radiation health and safety examination administered by the Dental Assisting National Board or a radiation

health and safety competency assessment administered by a dental education program . . . that is accredited by the American Dental Association's Commission on Dental Accreditation." Conn. Gen. Stat. § 20-112a(c)(1); *see also* ECF Nos. 29-1, at 2; 36, at 15.

Seven months prior, on February 21, 2024, the AG subpoenaed Columbia for various business records, including information about its employees, their "job responsibilities," and their "licenses or certifications (including renewals)." ECF Nos. 29-1, at 5; 36, at 2. The subpoena relates to an ongoing investigation into Columbia's possible violation of the Connecticut False Claims Act,[1] and was issued pursuant to the AG's subpoena powers under Conn. Gen. Stat. § 4-61dd(d).[2] *Id.* Columbia has largely complied with the subpoena, but objects to producing information about its unlicensed employees until the Court has decided the pending case. ECF Nos. 29-1, at 6-8; 36, at 3. Columbia objected on March 1, 2024, and has reiterated its objections on various occasions. *Id.*

The AG's subpoena is not self-enforcing. Conn. Gen. Stat. § 4-61dd(d). Only the Connecticut Superior Court, "upon application" from the AG, can enforce it against Columbia. Conn. Gen. Stat. § 1-3b; *see also* ECF No. 36, at 3, 5, 9.[3] More than a year has passed since he served the subpoena, and the AG has not moved the Superior Court to require Columbia's compliance. *Id.* In other words, Columbia has managed to "refuse to respond to the [AG's] document demands without consequence." *See Exxon Mobil Corp. v. Schneiderman*, 316 F. Supp. 3d 679, 695 (S.D.N.Y. 2018), *aff'd in part, appeal dismissed in part sub nom. Exxon Mobil Corp.*

---

[1] Conn. Gen. Stat. § 4-275.

[2] Conn. Gen. Stat. § 4-61dd(d) provides that the AG may "require the production of any necessary books, papers or other documents . . . for the purpose of an investigation . . . until such time as the [AG] files a civil action."

[3] Conn. Gen. Stat. § 1-3b provides that "whenever" a statute empowers an "agency to issue any subpoena" but "does not specifically provide for [their] enforcement," the agency may apply to "the Superior Court" for enforcement of such subpoenas.

*v. Healey*, 28 F.4th 383 (2d Cir. 2022) (holding that a plaintiff's challenge to a state attorney general's subpoena for documents becomes "ripe" for adjudication when the plaintiff "cannot refuse to respond to the document demands without consequence").

Plaintiffs insist that the investigation relates to Columbia's non-compliance with the Statute. ECF No. 29-1, at 9, 12. However, the record before the Court only establishes that the AG is investigating "a suspected violation of [the Connecticut False Claims Act] as related to the submission of claims for payment to a medical assistance program for medical devices." ECF No. 29-2, at 2; *see also* ECF No. 36, at 15-16. The investigation "is far from being complete" and has not resulted in "any conclusions about potential violations of . . . [any] laws." ECF No. 29-1, at 7; *see also* ECF No. 36, at 14. Nevertheless, Plaintiffs argue that the Court should quash the AG's subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3) and preclude Defendants from seeking information about their employees' licenses and certifications (except in connection with discovery in the pending case) pursuant to Federal Rule of Civil Procedure 26(c) because, *inter alia*, the Statute is "unconstitutional." ECF No. 29-1, at 21.

## II.     Discussion

Rule 45(c)(3) authorizes the "court for the district where compliance is required" to "quash or modify a subpoena." As discussed, the AG is not empowered to enforce its subpoena against Columbia. Conn. Gen. Stat. §§ 1-3b, 4-61dd(d). For that, the AG must move the Superior Court to require Columbia's compliance. *Id*. He has not done so. ECF No. 36, at 3, 5, 9. Nor has he represented that he intends to do so while the pending case is before the Court. *Id*.

If the AG ever moves the Superior Court to require Columbia's compliance with the subpoena, then Columbia could object to his motion in Superior Court. *See* ECF No. 36, at 9. And if the Superior Court requires Columbia to comply while this case is still pending, then Columbia

could move this Court to quash or modify the subpoena. *See* Fed. R. Civ. P. 45(c)(3). Until such time, however, Columbia's "compliance" is not "required" under Rule 45(c)(3) and Plaintiffs' request to quash is premature. *See, e.g., Exxon Mobil Corp. v. Schneiderman*, 316 F. Supp. at 695, (holding that a plaintiff's challenge to a state attorney general's subpoena for documents becomes "ripe" for adjudication when the plaintiff "cannot refuse to respond to the document demands without consequence") (citing *Google, Inc. v. Hood*, 822 F.3d 212, 224-227 (5th Cir. 2016) (finding that the plaintiff's challenge to a state subpoena for documents was "not ripe for adjudication" because it was "non-self-executing . . . instead, if the [plaintiff] refuses to comply, the Attorney General may, after notice, apply to certain state courts and, after hearing thereon, request an order" requiring compliance); *Schulz v. IRS, 395* F.3d 463, 463-465 (2d Cir. 2005) (finding that the plaintiff's motions to quash "a series of administrative summonses seeking testimony and documents in connection with [an agency investigation]" were not ripe because the summonses were not self-executing and the agency "ha[d] not initiated any enforcement procedure" against the plaintiff)). I therefore deny without prejudice Plaintiffs' request to quash the AG's subpoena.

Rule 26(c) authorizes the Court, "for good cause," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding" certain discovery. Fed. R. Civ. P. 26(c). "To establish good cause," Plaintiffs must show by a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," that a "clearly defined, specific and serious injury will occur" absent a protective order. *DaCosta v. City of Danbury*, 298 F.R.D. 37, 38 (D. Conn. 2014) (internal citations and quotation marks omitted). Because Colombia's compliance with the AG's subpoena is not yet required—and because, based on the record before the Court, there is no indication that it ever will be, nor that any additional subpoenas from any other Defendant are forthcoming—Plaintiffs'

assertions do not rise to the level of "good cause" under Rule 26(c).  I therefore deny without prejudice Plaintiffs' request for a protective order.

### III.    Conclusion

For these reasons, the Motion to Quash and for a Protective Order is **DENIED** without prejudice.  This is not a recommended ruling.  It is a "determination" by a U.S. Magistrate Judge of a "nondispositive motion[ ] . . . relating to discovery."  D. Conn. L. Civ. R. 72.1(C)(2).  As such, it is reviewable pursuant to the "clearly erroneous" standard of review and is an order of the Court unless reversed or modified by a U.S. District Judge upon timely objection.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b).

SO ORDERED.

*/s/ Maria E. Garcia, USMJ*

Hon. Maria E. Garcia
United States Magistrate Judge